UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA L. NESS, | Case No. 2:20-cv-00309-JDP |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff challenges the final decision of the Commissioner of the Social Security Administration partially denying her claim for disability insurance benefits under Title II of the Social Security Act. In her motion for summary judgment, plaintiff argues that the Administrative Law Judge ("ALJ") erred by determining that plaintiff was no longer disabled as of March 29, 2018. ECF No. 17. The Commissioner has filed a motion to remand that concedes error in the ALJ's decision but requests that this court remand to the ALJ for additional administrative proceedings. ECF No. 20. Plaintiff opposes that motion and asks that the case be remanded for an award of benefits. ECF No. 21. For the following reasons, I will grant plaintiff's motion for summary judgment, deny the Commissioner's motion, and remand the case for payment of benefits.

1

**Standard of Review**

An ALJ's decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).[1]

---

[1] After finding plaintiff disabled for a period of disability, the ALJ found that plaintiff's condition had medically improved, and that plaintiff could thereafter engage in substantial gainful activity. The social security regulations prescribe an additional eight-step framework for determining whether a claimant is no longer disabled due to medical improvement. *See* 20 C.F.R. §§ 416.994(b)(5)(i)-(viii).

**Background**

Plaintiff filed her application for disability insurance benefits under Title II on July 12, 2016, alleging disability beginning August 27, 2014. Administrative Record ("AR") 935-36. After her application was denied initially and upon reconsideration, plaintiff appeared and testified at a hearing before an ALJ. AR 799-824. On November 23, 2018, the ALJ issued a partially favorable decision finding that plaintiff was disabled from February 8, 2015—the amended alleged onset date—to March 28, 2018, but also finding that plaintiff's condition had improved to the point that she could work as of March 29, 2018. AR 648-60. Specifically, the ALJ found that:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.
>
> 2. The claimant has not engaged in substantial gainful activity since February 8, 2015, the date the claimant became disabled.
>
> 3. From February 8, 2015, through March 28, 2018, the period during which the claimant was under a disability, the claimant had the following severe impairments: degenerative disc disease of the cervical spine; residuals status post cervical herniation and stenosis with radiculopathy with C5-6-7 fusion in 2013 and revision in 2014; degenerative disc disease of the lumbar spine status post lumbar spine surgery in 2017; and restless leg syndrome.
>
> * * *
>
> 4. From February 8, 2015 through March 28, 2018, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1.
>
> * * *
>
> 5. After careful consideration of the entire record, the undersigned finds that, from February 8, 2015 through March 28, 2018, the claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a), with the ability to lift and carry 10 pounds occasionally and 5 pounds frequently; to stand and walk for 2 to 4 hours in an 8-hour day; and to sit for 6 hours in an 8-hour workday. The claimant is able to sit, stand and walk to where she can change postural positions every hour and move about the work station every 5 minutes; she is able to climb ramps and

stairs occasionally, but is unable to climb ladders, ropes, or scaffolds. She can crawl occasionally and perform all other postural activities frequently; she can grasp and hold items occasionally with the left non-dominant hand; and she can use a cane on uneven terrain. The claimant was also off task 15 percent of the workday in addition to regular breaks.

\* \* \*

6. From February 8, 2015, through March 28, 2018, the claimant was unable to perform any past relevant work.

\* \* \*

7. The claimant was an individual closely approaching advanced age, on the established disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. The claimant's acquired job skills do not transfer to other occupations within the residual functional capacity defined above.

\* \* \*

10. From February 8, 2015, through March 28, 2018, considering the claimant's age, education, work experience, and residual functional capacity, there were no jobs that existed in significant numbers in the national economy that the claimant could have performed.

\* \* \*

11. The claimant was under a disability, as defined by the Social Security Act, from February 8, 2015, through March 28, 2018.

12. The claimant has not developed any new impairment or impairments since March 29, 2018, the date the claimant's disability ended. Thus, the claimant's current severe impairments are the same as that present from February 8, 2015, through March 28, 2018.

13. Beginning March 29, 2018, the claimant has not had an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1.

\* \* \*

4

> 14. Medical improvement occurred as of March 29, 2018, the date the claimant's disability ended.
>
> * * *
>
> 15. The medical improvement that has occurred is related to the ability to work because there has been an increase in the claimant's residual functional capacity.
>
> * * *
>
> 16. After careful consideration of the entire record, the undersigned finds that, beginning March 29, 2018, the claimant has had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), with the ability to lift and carry 10 pounds occasionally and 5 pounds frequently; to stand and walk for 2 to 4 hours in an 8-hour day; and to sit for 6 hours in an 8-hour workday. The claimant is able to sit, stand and walk to where she can change postural positions every hour and move about the work station every 5 minutes; she is able to climb ramps and stairs occasionally, but is unable to climb ladders, ropes, or scaffolds.  She can crawl occasionally and perform all other postural activities frequently; she can grasp and hold items occasionally with the left non-dominant hand; and she can use a cane on uneven terrain.
>
> * * *
>
> 17. Beginning March 29, 2018, the claimant has been capable of performing past relevant work as a contract administrator.  This work does not require the performance of work-related activities precluded by the claimant's current residual functional capacity.
>
> * * *
>
> 18. The claimant's disability ended March 29, 2018, and the claimant has not become disabled again since that date.

AR 652-60 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request.  AR 1-7. She now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**Discussion**

Plaintiff contends that the ALJ erred in two ways: first, by finding that medical improvement occurred as of March 28, 2018; and second, by presenting to the Vocational Expert

5

("VE") a hypothetical that did not correspond with the limitations assessed in the residual functional capacity ("RFC"). ECF No. 17. Plaintiff specifically challenges the ALJ's finding of medical improvement on three grounds, arguing: first, that the ALJ failed to apply the presumption of continuing disability; second, that the ALJ improperly rejected her subjective symptom testimony; and third, that the ALJ failed to account for limitations caused by the side effects of her prescription medication. *Id*. at 8-16. Rather than opposing plaintiff's motion for summary judgment or the arguments therein, the Commissioner concedes that the ALJ erred and moves to remand. ECF No. 20.[2]

Although the parties agree that the matter should be remanded, they disagree about the appropriate scope of remand. Plaintiff argues that the court should remand for immediate payment of benefits or, in the alternative, that the court limit any further administrative proceedings to reconsideration of the period after March 28, 2018. ECF No. 17 at 18; ECF No. 21. The Commissioner argues that because the ALJ's errors affected the entire disability determination, the court should remand for reconsideration without limitation. ECF No. 20 at 6.

As an initial matter, 42 U.S.C. § 405(g) only provides plaintiff the right to appeal a decision by the Commissioner; it does not grant the Commissioner a right to appeal. Plaintiff does not challenge the ALJ's decision to award benefits for the period from February 8, 2015, through March 28, 2018. *See* ECF No. 17 at 1, 17-18.[3] Thus, only the ALJ's determination that plaintiff was not disabled after March 28, 2018, is before the court, and it is undisputed that payment should be ordered for at least the initial period.

The question remains whether additional proceedings are necessary to determine plaintiff's disability status after March 28, 2018. Typically, "[i]f additional proceedings can

---

[2] The Commissioner notes that he "does not agree with the majority of Plaintiff's claims" but expressly concedes the argument that the ALJ presented a defective hypothetical to the VE, and presents no argument in opposition to the remaining arguments. ECF No. 20 at 6.

[3] Plaintiff acknowledges that the hypothetical the ALJ posed to the VE was "less restrictive" than the RFC. ECF No. 17 at 17. If she were to seek review of her claim, there is a possibility that her disability award for February 8, 2015, through March 28, 2018, would increase. Nevertheless, claimant seeks review only of the time period beginning March 29, 2018. *Id*. at 1-2.

remedy defects in the original administrative proceeding, a social security case should be remanded." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). However, "courts are empowered to affirm, modify, or reverse a decision by the Commissioner 'with or without remanding the cause for a rehearing.'" *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)) (emphasis omitted). Where "no useful purpose would be served by further administrative proceedings . . . [and] remand would unnecessarily delay the receipt of benefits," it is appropriate for the court to direct the award of benefits." *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1401 (9th Cir. 1988) ("*Varney II*") (internal citations omitted).

Plaintiff argues that payment of benefits should be ordered because the ALJ erroneously rejected pain and symptom testimony that, had it been credited, would have compelled a finding that plaintiff is disabled. ECF No. 17 at 18-19; ECF No. 21. Although the Commissioner did not file an opposition to plaintiff's motion for summary judgment, he did not expressly concede that the ALJ erroneously rejected plaintiff's pain and symptom testimony. Thus, I will first assess the merits of plaintiff's argument that the ALJ wrongly discredited her symptom testimony.

**A. Subjective Symptom Testimony**

For the period ending March 28, 2018, the ALJ determined that plaintiff retained the residual functional capacity:

> to perform sedentary work as defined in 20 CFR 404.1567(a), with the ability to lift and carry 10 pounds occasionally and 5 pounds frequently; to stand and walk for 2 to 4 hours in an 8-hour day; and to sit for 6 hours in an 8-hour workday. The claimant is able to sit, stand and walk to where she can change postural positions every hour and move about the work station every 5 minutes; she is able to climb ramps and stairs occasionally, but is unable to climb ladders, ropes, or scaffolds. She can crawl occasionally and perform all other postural activities frequently; she can grasp and hold items occasionally with the left non-dominant hand; and she can use a cane on uneven terrain. The claimant was also off task 15 percent of the workday in addition to regular breaks.

The ALJ found that medical improvement had occurred as of March 29, 2018, and that the medical improvement caused a material increase in plaintiff's RFC. AR 657-58. Specifically, the ALJ found that, as of that date, plaintiff had the above RFC, except she could perform light—rather than sedentary—work, and she no longer needed additional breaks amounting to 15 percent of the workday. AR 658. As an initial matter, neither the ALJ nor the Commissioner provides an explanation for the improvement from sedentary to light work, and the remainder of the ALJ's opinion proceeds as if the claimant remained limited to sedentary work. *See, e.g.*, AR 658-59 ("[A]s of March 29, 2018 . . . the claimant is able to perform a reduced range of sedentary work with some postural and manipulative limitations."); AR 660 ("[A]lthough the claimant's additional limitations do not allow the claimant to perform the full range of sedentary work . . ."). Thus, the increase from sedentary to light work may be a typographical error; the only material difference between the first and second RFC is the need to take breaks amounting to 15 percent of the workday.

The ALJ reached the conclusion that plaintiff no longer needed extensive rest breaks by discounting plaintiff's testimony "that she is unable to perform activities of daily living without pain and that she is unable to sit, stand and walk for a total of 8 hours per day." *See* AR 658-59. Plaintiff testified that she needs substantial rest throughout the day, that she gets severe headaches if she sat for too long, and that she can only sit for fifteen to twenty minutes before needing to move around. AR 810 & 814. She also testified that because of her pain, she has trouble sleeping, that she doses off once or twice per day, and that she has a very hard time concentrating. AR 813-14. She did not differentiate between the first and second periods. The ALJ credited this testimony for the first period; however, the ALJ found that "as of March 29, 2018 . . . the claimant's statements concerning the intensity, persistence[,] and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record." AR 658.

In the Ninth Circuit, courts follow a "two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). "'First, the ALJ must determine whether the claimant has presented

objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). If the claimant meets this requirement, the ALJ can reject her symptom testimony only by offering specific, clear, and convincing reasons for doing so. *Id.* "This is not an easy requirement to meet: the clear and convincing standard is the most demanding required in Social Security cases." *Id.* The ALJ's reasons must also be supported by substantial evidence in the record. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In addition to briefly discussing the medical evidence, the ALJ provided the following explanation for discounting plaintiff's symptom testimony: "although the claimant has alleged that she is not able to sit, stand and walk for 8 hours a day, her ability to travel back and forth to Arizona in order to help out with family as well as to perform a significant number of other activities of daily living, including preparing meals and doing chores, demonstrates that her ability to function improved following her microdiscectomy in September 2017." AR 659. Neither plaintiff's activities of daily living nor anything in her medical records satisfy the clear-and-convincing standard. AR 659.

First, plaintiff's activities were not so extensive as to contradict her symptom testimony. "Disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). A claimant's daily activities should only bear on their credibility where the level of activity is inconsistent with the claimed limitations. *Id.* Plaintiff testified that she has accompanied her husband on multiple trips to Arizona to help care for his ailing mother; however, she clarified that she never drove and that they had to take many rest stops along the way. AR 811. The ALJ's vague reference to "a significant number of other activities of daily living" is unaccompanied by citation and lacks any apparent record support. AR 659. The only apparent evidence of plaintiff's daily activities is her own hearing testimony, in which she attested that she struggles to pay bills, that she can only prepare "very easy" meals, that she does no vacuuming or sweeping, and that she can only help with doing light dishes because she is unable to hold heavier pans. AR 816. There is no discrepancy between these activities and the finding that she needs frequent rest due to pain and

1 fatigue.

2 Second, the medical and daily activity evidence cited by the ALJ mostly dates to the
3 period prior to March 29, 2018, during which the ALJ credited plaintiff's symptom testimony.
4 For instance, the record indicates that plaintiff's trips to Arizona began as early as October 2016
5 and continued into early 2018. *See, e.g.*, AR 1249, 2054. The ALJ does not explain how these
6 trips—which span both periods—undermine testimony for only the latter period. Similarly, the
7 ALJ cites medical records from late 2017 and early 2018 that plaintiff had improved strength in
8 her extremities, exhibit a negative straight-leg-raise test, and was "pleased" with her
9 improvement following her September 2017 microdiscectomy surgery. AR 657-58 (citing AR
10 1950 (October 13, 2017 medical record); AR 1978-79 (describing notes from appointment with
11 Dr. Ishmael on November 10, 2017)). The ALJ does not reconcile this discussion with her
12 earlier reliance on the same medical sources to find plaintiff disabled through the end of 2017.
13 *See* AR 655 (describing Dr. Ishmael's notes from November 2017 showing that plaintiff could
14 not bend, twist, or lift more than 10 pounds, and citing medical records from December 2017 to
15 support the claim that plaintiff's "low back pain had increased and that ambulation elicited
16 pain"). Most importantly, the ALJ acknowledges that plaintiff's condition worsened in early
17 2018 and that, as a result, plaintiff "was further noted to be a candidate for another surgery." AR
18 655.

19 Thus, the ALJ failed to provide clear-and-convincing reasons for discounting plaintiff's
20 symptom testimony, and the ALJ's finding of medical improvement after March 28, 2018, is not
21 supported by substantial evidence.

22 **B. Remedy**

23 Plaintiff argues that crediting her symptom testimony would require the ALJ to find her
24 disabled. For this court to depart from the ordinary remand rule and award benefits under the
25 credit-as-true rule, three requirements must be met: "(1) the record has been fully developed and
26 further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to
27 provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical
28

opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison*, 759 F.3d at 1020.

As shown above, the ALJ failed to provide legally sufficient reasons for rejecting testimony that she had previously found sufficient to support a limitation of breaks amounting to 15 percent of the workday. This satisfies the second requirement of the credit-as-true rule.

Moreover, the record is sufficiently developed to find that, had this limitation been included in plaintiff's second RFC, the ALJ would be required to find plaintiff disabled. At plaintiff's hearing, the ALJ posed three hypotheticals to the VE. The second hypothetical materially corresponded with plaintiff's RFC for the period ending March 28, 2018, except that it omitted the limitation that the hypothetical person would need breaks amounting to 15 percent of the workday. AR 822. The VE testified that such a person could not perform plaintiff's past work but could perform other jobs that existed in significant numbers in the national economy. AR 820-21. The ALJ then added the limitation of breaks amounting to 15 percent of the workday, and the VE testified that such a hypothetical person could not perform full-time work. AR 822. Based on this testimony and the above RFC, the ALJ found plaintiff disabled through March 28, 2018. AR 657. Thus, accepting plaintiff's testimony as true, the VE's testimony establishes that she is disabled.

Under consistent Ninth Circuit precedent, immediate payment of benefits is appropriate here. *See Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (remanding for payment of benefits because, even though the ALJ improperly discredited the claimant's symptom testimony and posed an inadequate hypothetical to the VE, the VE testified on cross-examination that a hypothetical person with the claimant's symptoms could not work full time); *Varney II*, 859 F.2d at 1401 (remanding for the payment of benefits because, "[a]ccepting [the claimant's] pain testimony as true, the vocational expert's testimony establishes that she cannot work and is entitled to disability benefits"); *Garrison*, 759 F.3d at 1022 (holding that the ALJ would be required to find the claimant disabled on remand where the claimant had "testified to an array of severe physical and mental impairments[] and a VE explicitly testified that a person with the impairments described by [the claimant] . . . could not work").

The Commissioner mounts two arguments in favor of remanding for additional proceedings. First, he argues that an error in the hypothetical posed to the VE tainted the VE's whole testimony. ECF No. 20 at 6-7. The ALJ's hypothetical posited a person who would have to "change postural positions every one hour . . . [and] move about a work station for up to five minutes," AR 819, whereas both RFCs state that plaintiff needs to "change postural positions every hour and move around the work station every 5 minutes," AR 654, 658. Given that the RFC's actual limitation is more restrictive than the one posted to the VE, correcting this error would not affect the VE's ultimate conclusion that a person with plaintiff's RFC could not perform full-time work. Such an error is harmless, *see McGarrah v. Colvin*, 650 F. App'x 480, 481 (9th Cir. 2016) (finding harmless error where "the vocational expert's answer to the hypothetical question would not have been different even if the [omitted] limitation . . . had been included"), and does not undermine the evidentiary sufficiency of the VE's ultimate conclusion, *cf. Gallant*, 753 F.2d at 1456 (holding that the record was adequately developed on cross-examination by the claimant's attorney's broader hypothetical, despite the ALJ's earlier error in formulating the hypothetical).

Second, the Commissioner argues that the ALJ failed to explain—for either period—the limitation to breaks amounting to 15 percent of the workday. ECF No. 20 at 6-7. The Commissioner provides no authority for the suggestion that he can challenge the sufficiency of the ALJ's reasoning during the earlier period. The Ninth Circuit has stressed that remanding for the reevaluation of issues on which the Commissioner has already been found to have erred "would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004).

Moreover, the record suggests that plaintiff remains disabled. Plaintiff provided extensive medical records of her recurrent back problems. As the ALJ found for the initial period, these records support the limitations that plaintiff testified to during her hearing. The ALJ's finding of medical improvement appears to have been predicated on an assumption that plaintiff had improved sufficiently by "6 months following her [September 2017 microdiscectomy] surgery." AR 656. However, even the ALJ observed that plaintiff's back pain

increased within a few months of the surgery, and that by January 2018, plaintiff was "noted to be a candidate for another surgery." AR 655. Plaintiff submitted additional records to the Appeals Council showing that she was experiencing "continued chronic pain, muscle spasms, and neurological symptoms radiating to her extremities." ECF No. 17 at 13 (citing AR 694-97, 722-23). A medical record from a January 2019 visit with her spine surgeon reflects that plaintiff was "the same or worse as compared to before the surgery," AR 189, and that she scored a 70 out of 100 on the "Oswestry Disability Index," reflecting a person who is "functionally 'crippled'," ECF No. 17 at 13 (citing AR 189).[4] In July 2019, plaintiff's surgeon determined that her 2017 surgery had failed; and in September 2019, plaintiff underwent another surgery—her fourth—to treat her lumbar spine disorder. *See* AR 398, 502-24. The Commissioner identifies neither record evidence that plaintiff is no longer disabled nor any purpose that would be served by additional proceedings.

Plaintiff filed her application for disability insurance benefits nearly seven years ago. To delay the payment of benefits by requiring an additional round of administrative proceedings would risk causing "the applicant further damage—financial, medical, and emotional. Such damage can never be remedied." *Varney II*, 859 F.2d at 1399.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 17, is granted.

2. The Commissioner's motion to remand for further administrative proceedings, ECF No. 20, is denied.

3. The decision of the Commissioner that benefits be awarded to claimant for the period of February 8, 2015, through March 28, 2018, is affirmed.

4. The decision of the Commissioner that benefits be denied for the period after March 28, 2018, is reversed.

5. This matter is remanded for the immediate calculation and payment of benefits.

6. The Clerk of Court is directed to enter judgment for plaintiff and close this case.

---

[4] *See* Fairbank, JC, *et al.*, *The Oswestry Disability Index*, SPINE, 25(22): 2940-2952, (Nov. 2000), https://www.ncbi.nlm.nih.gov/pubmed/11074683.

IT IS SO ORDERED.

Dated: July 17, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE