UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA L. NESS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MARTIN O'MALLEY,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 2:20-cv-00309-JDP (SS)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT AND GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b)<br><br>ECF Nos. 26 & 28 |

　　　Plaintiff prevailed in this action after the court granted her motion for summary judgment and remanded the case for payment of benefits. *See* ECF Nos. 24 & 25. The Social Security Administration ("SSA") subsequently awarded her $153,537.00 in past-due benefits. *See* ECF No. 28-2. On October 2, 2023, plaintiff filed a motion for attorney fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1). ECF No. 26. That same day, plaintiff's counsel filed a motion seeking $38,384.25 in attorney fees under 42 U.S.C. § 406(b), subject to a credit to plaintiff for any amount awarded under the EAJA. ECF No. 28. Both motions are before the court.

**A.     Plaintiff's Motion for EAJA Fees**

The EAJA provides that a prevailing party other than the United States shall be awarded fees and other expenses incurred by that party in any civil action brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). In determining whether a fee is reasonable, the court considers the hours expended, the reasonable hourly rate, and the results obtained. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161-62 (1990); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Atkins v. Apfel*, 154 F.3d 986, 987-88 (9th Cir. 1998). "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award, and charges that are not properly billable to a client are not properly billable to the government. *Hensley*, 461 U.S. at 434.

Plaintiff seeks $10,660.77 in EAJA fees for 48.87 hours of attorney work performed during 2019 to 2023, plus costs, based on the following breakdown: .55 hours during 2019 at the statutory-maximum hourly rate of $205.25; 42.08 hours during 2020 at the statutory-maximum hourly rate of $207.78; 5.05 hours during 2021 at the statutory-maximum hourly rate of $217.54; .67 hours during 2022 at the statutory-maximum hourly rate of $234.95; .52 hours during 2023 at the statutory-maximum hourly rate of $244.62; and costs for postage and filing fees in the amount of $421.30.[1]  *See* ECF No. 26; ECF No. 28-3.

Plaintiff was the prevailing party in this action and has assigned the right to receive EAJA fees to counsel. *See* ECF No. 24; ECF No. 27-1. The government has not filed an opposition to plaintiff's motion requesting EAJA fees and therefore has not demonstrated that its position was substantially justified.[2]  *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (the

---

[1] The court has slightly adjusted plaintiff's requested award from $10,659.84 to $10,660.77 in accordance with the Ninth Circuit's list of the statutory-maximum hourly rates authorized by the EAJA. In particular, the current rate for 2023 is $244.62, and not $242.78 as reflected in counsel's billing records. *See Statutory Maximum Rates Under the Equal Access to Justice Act*, Ninth Circuit website, https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited March April 8, 2023); ECF No. 27-2.

[2] The court notes that after plaintiff moved for summary judgment, defendant agreed that remand was warranted, although requested that the court order remand for further proceedings rather than an award of benefits. *See* ECF No. 20.

1  burden of establishing substantial justification is on the government).  The court has
2  independently reviewed the record and finds that both the hourly rate and hours expended are
3  reasonable considering the complexity of the case and the result obtained.

   **B.     Counsel's Motion for Fees under 42 U.S.C. § 406(b)**

   An attorney is entitled to reasonable fees for successfully representing social security claimants in district court.

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).  Rather than being paid by the government, fees under Section 406(b) are paid by the claimant from the awarded past-due benefits.  *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)).  The twenty-five percent statutory maximum fee is not an automatic entitlement; the court must ensure that the requested fee is reasonable.  *Gisbrecht*, 535 U.S. at 808-09 ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements.").  In assessing whether a fee is reasonable, the court should consider "the character of the representation and the results the representative achieved."  *Id.* at 808.  A "court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case."  *Crawford*, 586 F.3d at 1151.

The Supreme Court in *Gisbrecht* explained that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee."  535 U.S. at 796 (internal quotation marks and citation omitted).  "[A]n EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the

past-due benefits." *Id*. (internal quotation marks and citation omitted).

Plaintiff entered a contingent fee agreement that provided that she would pay counsel twenty-five percent of any past-due benefits. *See* ECF No. 28-1 at 1-2. Plaintiff's counsel requests $38,384.25, which constitutes twenty-five percent of plaintiff's retroactive benefits, subject to a mandatory reimbursement to plaintiff for any award of EAJA fees. *See* ECF No. 28; ECF No. 28-2 at 2.

The court has considered the character of counsel's representation and the successful outcome. Counsel spent 48.87 hours litigating the case, which is supported by detailed billing records. *See* ECF No. 28-3. Counsel's request for $38,384.25 translates to an effective hourly rate of approximately $785.44 for attorney services. There is no indication that counsel engaged in dilatory conduct or performed in a substandard manner. As a result of counsel's work, plaintiff received a favorable decision and a significant award of past-due benefits. *See* ECF No. 24; ECF No. 28-2. Given the result obtained, and the risk of loss that counsel assumed in representing plaintiff, the court finds that the effective hourly rate is reasonable. *See, e.g.*, *Crawford*, 586 F.3d at 1153 (Clifton, J., concurring in part) (observing that majority opinion approved effective hourly rates of $519, $875, and $902); *Langston v. Saul*, 2020 WL 4501941, at *3 (E.D. Cal. Aug. 5, 2020) (approving effective hourly rate of $1,453.42); *De Vivo v. Berryhill*, 2018 WL 4262007 (E.D. Cal. Sept. 6, 2018) (approving effective hourly rate of $1,116.26). The court calculates that plaintiff's counsel is entitled to attorney fees under Section 406(b) in the amount of $38,384.25, subject to reimbursement to plaintiff for EAJA fees that counsel receives.[3] *See Lee-Klein v. Comm'r of Soc. Sec.*, 2024 WL 382532, at *5 (E.D. Cal. Feb. 1, 2024) (granting concurrent motions for EAJA and § 406(b) fees, and ordering counsel to reimburse plaintiff for EAJA award after receiving payment for § 406(b) fees).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for fees and costs under the EAJA, ECF No. 26, is granted.

---

[3] An offset for an EAJA award is warranted when counsel has already received the payment. *See Salinas v. Comm'r of Soc. Sec.*, 2022 WL 484905, at *4 (E.D. Cal. Feb. 16, 2022) (declining offset for prior EAJA award counsel never received because it was used to pay claimant's federal debt).

4

2. Plaintiff is awarded fees and costs under the EAJA in the amount of $10,660.77.

3. Pursuant to *Astrue v. Ratliff*, 560 U.S. 586 (2010), any EAJA payment shall be made payable to plaintiff and delivered to plaintiff's counsel, unless plaintiff does not owe a federal debt.  If the United States Department of the Treasury determines that plaintiff does not owe a federal debt, the government shall accept plaintiff's assignment of EAJA fees and pay the EAJA award directly to plaintiff's counsel.

4. Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b), ECF No. 28, is granted.

5. Plaintiff's counsel is awarded attorney fees under 42 U.S.C. § 406(b) in the amount of $38,384.25.

6. Upon counsel's receipt of payment for fees under 42 U.S.C. § 406(b), counsel shall reimburse to plaintiff the amount of the EAJA award paid to counsel.

IT IS SO ORDERED.

Dated:   April 10, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5